IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNY W. MYERS and BRENDA J. MYERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-16-663-D |
| WELLS FARGO BANK, N.A., | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on Plaintiffs' Verified Petition for Temporary Restraining Order and Preliminary Injunction [Doc. No. 8]. The Court will address that portion of the motion requesting that the Court issue a temporary restraining order ("TRO"). In light of Plaintiffs' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir.1991). However, the Court cannot act as Plaintiffs' advocate. *Hall*, 935 F.2d at 1110.

Plaintiffs' petition seeks to enjoin a scheduled Sheriff's sale of their home on July 11, 2016. Defendant has not been served with notice of the petition. Rule 65(b) of the Federal Rules of Civil Procedure states, in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only* if:

    (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
    (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Plaintiffs have failed to make any showing pursuant to Rule 65(b) that they attempted to give Defendant notice of this action and of their request for emergency injunctive relief. Further, Plaintiffs have failed to provide any substantial reason why such notice should be excused. Plaintiffs' assertion that Defendant has "refuse[d] to adhere to the mandatory state and federal laws that would have allowed [Plaintiffs] to make a request for documented evidence of their claims," Petition, ¶ 15, is conclusory, argumentative, and does not provide an adequate basis for excusing notice. Plaintiffs' petition fails to comply with the notice provision of Rule 65(b) and their request may be denied on this basis alone.

      Even if Plaintiffs were to cure the procedural defects in their request for a TRO, they must still establish: (1) that there is a likelihood that they will succeed on the merits; (2) that they will suffer irreparable harm in the absence of an injunction; (3) that the balance of the equities tips in their favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). Because preliminary injunctive relief is considered "an extraordinary and drastic remedy," *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir.

2015) (citing *Munaf v. Geren*, 553 U.S. 674, 689 (2008)), Plaintiffs' right to relief must be clear and unequivocal. *Petrella*, 787 F.3d at 1256.[1]

Plaintiffs' petition does not establish a likelihood of success on the merits. The Court has taken judicial notice of the underlying state court proceedings in this case, which are publically available through http://www.oscn.net.[2] The record reflects that on January 12, 2006, Defendant filed its petition for foreclosure, alleging Plaintiffs defaulted on a note held by Defendant and thereby entitling it to foreclose on the subject property. On June 22, 2007, Defendant's motion for summary judgment was granted, in part due to Plaintiffs' failure to respond to the motion, and judgment was entered in its favor. Plaintiffs filed several motions to vacate,[3] which challenged Defendant's standing to pursue the foreclosure claim; each was overruled.

The Court of Appeals affirmed, noting that Plaintiffs admitted Defendant was the present holder and had the right to enforce the note, and such issue was not in dispute when the trial court granted summary judgment to Defendant. The

---

[1] As a general matter, "federal courts do not interfere in state court foreclosure proceedings." *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 620 (W.D.N.C. 2012).

[2] *See United States v. Pursley*, 577 F.3d 1204, 1214 n. 6 (10th Cir. 2009) (exercising court's discretion "to take judicial notice of publicly-filed records in [the] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[3] The Oklahoma Court of Civil Appeals noted that Plaintiffs had, since 2010, attempted to vacate the journal entry of judgment six times.

Oklahoma Supreme Court subsequently denied certiorari. Plaintiffs' action before the Court raises the same argument they urged in the underlying state action. *See* Compl. at 2-3 ("The Judgment rendered by the Canadian County Court El Reno, Oklahoma is a [v]oid [judgment]. . . . An action must be prosecuted in the name of the real party in interest. Wells Fargo Bank, N.A. has absolutely no interest in this action whatsoever." Indeed, Plaintiffs cite Rule 60, which governs requests for relief from a judgment or order, as a basis for relief. *Id*. at 3.

It thus appears likely that the underlying action will be controlled by the doctrines of res judicata and/or collateral estoppel and is inappropriate for disposition in this court. *See Kemper v. LPR Const. Co.*, 271 F. App'x 760, 762 (10th Cir. 2008) (unpublished) ("Attempts merely to seek relief denied in state court-to relitigate a state case-are properly dismissed on grounds of res judicata or collateral estoppel."); *see also Yancey v. Thomas*, 441 F. App'x 552, 557 (10th Cir. 2011) (unpublished) ("Under Oklahoma law, '[t]he principle of res judicata as claim preclusion teaches that a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action.'") (citing *Read v. Read*, 2001 OK 87, ¶ 15, 57 P.3d 561, 567 n. 18); *compare Houey*, 890 F. Supp. 2d at 620 (holding that doctrine of collateral estoppel precluded relitigation of issues determined in state court foreclosure action).

Accordingly, Plaintiffs' Verified Petition for Temporary Restraining Order and Preliminary Injunction [Doc. No. 8] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 6th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE