# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

DONNY W. MYERS and )
BRENDA J. MYERS, )
                   )
         Plaintiffs, )
                   )
      v. )     Case No. CIV-16-663-D
                   )
WELLS FARGO BANK, N.A., )
Trustee for Certificate Holders )
of Bears Stearns Asset-Backed )
Securities Trust 2005-1, Asset- )
Backed Certificates, Series )
2005-1, )
                   )
         Defendant. )

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss [Doc. No. 13]. Plaintiffs have filed their response in opposition [Doc. No. 17].[1] The matter is fully briefed and at issue.

---

[1] Because Plaintiffs appear pro se, the Court construes their filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). The Court, however, cannot take on the responsibility of serving as Plaintiffs' attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## BACKGROUND

On January 12, 2006, Defendant filed its petition for foreclosure, alleging Plaintiffs defaulted on a note held by Defendant and thereby entitling it to foreclose on the subject property. On June 22, 2007, Defendant's motion for summary judgment was granted, in part due to Plaintiffs' failure to respond to the motion, and judgment was entered in its favor. Plaintiffs filed several motions to vacate, challenging Defendant's standing to pursue the foreclosure claim.[2] Each motion was overruled. On October 1, 2014, Plaintiffs appealed to the Oklahoma Court of Civil Appeals, and on September 24, 2015, the Court of Appeals affirmed the trial court's decision. In its order, the court noted that Plaintiffs admitted Defendant was the present holder and had the right to enforce the note, and such issue was not in dispute when the trial court granted summary judgment to Defendant. The Oklahoma Supreme Court denied certiorari.

On June 16, 2016, approximately nine years after the journal entry of judgment was entered, Plaintiffs filed a Complaint in this Court, raising the same arguments they urged in the underlying state action. *See* Compl. at 2-3 ("The Judgment rendered by the Canadian County Court El Reno, Oklahoma is a [v]oid [judgment]. . . . An action must be prosecuted in the name of the real party in interest. Wells Fargo Bank, N.A. has absolutely no interest in this action

---

[2] The Oklahoma Court of Civil Appeals noted that, since 2010, Plaintiffs had attempted to vacate the Journal Entry of Judgment six times.

whatsoever." Indeed, Plaintiffs even cite Rule 60 of the Federal Rules of Civil Procedure as a basis for relief, which governs requests for relief from a judgment or order. Compl. at 3.

Pursuant to Rule 12(b)(6), Defendant moves to dismiss the Complaint and contends Plaintiffs have failed to state a claim for which relief can be granted because (1) there is already a final state court judgment directly related to the foreclosure action referenced in the Complaint and Plaintiffs' claims are therefore barred by the *Rooker-Feldman* doctrine;[3] (2) Plaintiff's challenge to Defendant's standing to foreclose has already been reduced to judgment in the state district court and such claims are therefore barred by the doctrines of res judicata and collateral estoppel, and (3) the Complaint fails to state a cognizable claim for relief. Mot. to Dismiss at 7-8.

## STANDARD OF DECISION

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] The *Rooker-Feldman* doctrine involves subject-matter jurisdiction, which the court can raise on its own. *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). Thus, Defendant's argument in this respect falls more properly under Rule 12(b)(1), which governs challenges to subject matter jurisdiction.

alleged." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Under this standard, "the complaint must give the court reason to believe that *this*

plaintiff has a reasonable likelihood of mustering factual support for *these* claims."

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

(emphasis in original).

## DISCUSSION

The Court has reviewed the Complaint, as well as the relevant pleadings

from the underlying state court proceedings, and finds Defendant's motion should

be granted. "Generally, the *Rooker-Feldman* doctrine precludes lower federal

courts 'from effectively exercising appellate jurisdiction over claims actually

decided by a state court and claims inextricably intertwined with a prior state-court

judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010)

(citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)). "The

Supreme Court recently clarified the narrow scope of the *Rooker-Feldman*

doctrine, stating that it is 'confined to cases of the kind from which the doctrine

acquired its name: cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments.'"

*Id*. (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284

(2005). Consequently, as a general matter, "federal courts do not interfere in state

court foreclosure proceedings." *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 620 (W.D.N.C. 2012).

Plaintiffs unquestionably seek review and rejection of the state court foreclosure proceedings. As noted above, their Complaint challenges Defendant's standing to foreclose the subject property, Compl. at 3, as well as the validity of Defendant's documentation to foreclose. *Id*. at 4 ("Plaintiff, homeowner, disputes the Assignment of Mortgage which assigns the Note, Deed of Trust, and Mortgage of the real property (the 'Home'), which is the subject of this action[.]).￼" Plaintiffs allege Defendant used fraudulent tactics in its pursuit of the subject property. *Id*. at 17-21. Plaintiffs also allege their due process rights were violated during the course of the foreclosure proceedings and Defendant's actions constituted intentional infliction of emotional distress and slander of title. *Id*. at 25-29. These claims are barred by the *Rooker-Feldman* doctrine, and the Court finds the Complaint should be dismissed for lack of subject matter jurisdiction.

Even assuming the Court were to find jurisdiction exists, Plaintiffs' claims would still be barred under the doctrines of res judicata and/or collateral estoppel. *See Kemper v. LPR Const. Co*., 271 F. App'x 760, 762 (10th Cir. 2008) (unpublished) ("Attempts merely to seek relief denied in state court – to relitigate a state case – are properly dismissed on grounds of res judicata or collateral estoppel."); *Yancey v. Thomas*, 441 F. App'x 552, 557 (10th Cir. 2011)

(unpublished) ("Under Oklahoma law, '[t]he principle of res judicata as claim preclusion teaches that a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action.'") (citing *Read v. Read*, 2001 OK 87, ¶ 15, 57 P.3d 561, 567 n. 18); *compare Houey*, 890 F. Supp. 2d at 620 (holding that doctrine of collateral estoppel precluded relitigation of issues determined in state court foreclosure action).

## CONCLUSION

Defendant's Motion to Dismiss [Doc. No. 13] is **GRANTED** as set forth herein. Plaintiffs' Complaint is hereby dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis added, citations omitted). Plaintiffs' Motion to Strike [Doc. No. 17] and Motion for Leave to File Amended Complaint [Doc. No. 19] are **DENIED**. A judgment shall be entered accordingly.

**IT IS SO ORDERED** this 30ᵗʰ day of September, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE